UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br><br>KEVIN R. ADELL<br><br>Debtor.<br>_______________________________________/ | Case No. 2:26-bk-02722-FMR<br>Chapter 11<br><br><br>**Emergency Relief Requested**<br>**Prior to November 13, 2026** |

**DEBTOR'S EMERGENCY MOTION FOR**
**AUTHORITY TO USE CASH COLLATERAL**
**(Interim Relief Requested to be Followed by a Final Hearing)**

**STATEMENT OF RELIEF REQUESTED**

**The Debtor requests interim authority, pending a final hearing held no earlier than 14 days after service, to use up to $22,723.39.00 of the funds in his account at Comerica Bank, n/k/a Fifth Third Bank, as successor by merger ("Fifth Third") to pay the expenses shown on the Debtor's six-month budget attached as Exhibit C.**

**The funds are subject to a notice of levy served by the Internal Revenue Service (the "IRS"). The material terms of the proposed adequate protection are stated in Part V. The Debtor also asks the Court to direct Fifth Third to hold the levied funds and not to pay them to the IRS pending further order.**

KEVIN R. ADELL ("Debtor"), as debtor and debtor-in-possession, by and through his proposed undersigned counsel, respectfully requests the entry of an order authorizing the use of cash collateral and, in support thereof, the Debtor respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief sought herein are §§ 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3. On October 23, 2026 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtor is the founder and chief executive officer of the Word Network Operating Company, Inc. ("Word Network"), which is the largest privately-owned African-American religious broadcasting service in the world. In 2016, the Debtor further expanded the Word Network's reach by founding the Adell Radio Group ("Adell Radio"), operating under AM-WFDF. The Word Network and Adell Radio are each S-Corps. The Debtor derives all his income from the salary received by and shareholder distributions from the Word Network and Adell Radio. The Debtor continues to operate as a debtor-in-possession. For more information on the Debtor and the reasons for the bankruptcy filing, please see the Case Management Summary.

5. The Debtor resides at 636 14th Avenue South, Naples, Collier County, Florida, and designates this property as his homestead ("Homestead Property").

6. On October 14, 2026, IRS Revenue Officer A. Monroe issued a Notice of Levy (Form 8519) to Fifth Third (the "Levy"). The Levy names the Debtor and his non-filing wife, Joelle Adell ("Mrs. Adell"), and seeks $12,076,145.26 in Form 1040 income tax, statutory additions, and interest for the tax periods ended December 31, 2021, December 31, 2022, and December 31, 2023 (the "Levied Periods"). The unpaid assessments stated on the Levy are $3,687,691.54 for 2021, $3,030,434.28 for 2022, and $3,997,844.01 for 2023. The Debtor received the Levy on or about October 14, 2026.

7. The Levy states that banks "must hold your money for 21 calendar days before

sending it to us." See 26 U.S.C. § 6332(c). The Petition Date fell within the 21-day holding period. As of the Petition Date, Fifth Third has not paid the levied funds to the IRS.

8. As of the Petition Date, the Fifth Third account ending 4320 held $18,029.26 and the Fifth Third Account ending 3437 held $30,278.05 (the "Fifth Third Funds"). Both accounts are titled jointly in the names of the Debtor or Mrs. Adell.

9. Mrs. Adell and Savonna Adell ("S. Adell"), the Debtor's dependent daughter, maintain bank accounts at JP Morgan Chase Bank, N.A. ("Chase"). Mrs. Adell maintains an individual account. S. Adell maintains two (2) accounts, an individual account with a balance of $1,500.00 and a joint account with Mrs. Adell. The Debtor does not hold an interest in any of the funds on deposit for the Chase accounts.

10. The IRS garnished Mrs. Adell's individual Chase account in 2025 and Mrs. Adell and S. Adell's joint Chase account ("Chase Funds") on or about October 19, 2026. Savonna Adell's account is clearly not subject to any IRS debt.

11. The Levy is the most recent IRS instrument recorded in the record relating to the Levied Periods. The IRS has filed Notices of Federal Tax Lien ("NFTL") previously on April 3, 2023, February 23, 2024, June 12, 2025, and January 27, 2026 attached to the Debtor's Homestead Property. Attached as Composite **Exhibit A** are copies of the filed tax liens.

## Cash Collateral

12. The Debtor derives his income from the operation of his businesses, Word Network and Adell Radio. The revenue will constitute "cash collateral". On average the Debtor, through salaries and distributions by way of expenses, generates approximately $300,763.00 in gross receipts per month.

13. The Debtor's additional cash collateral consists of the following Cash in the amount

of $22,723.39, which is comprised of cash on deposit at Fifth Third.

**Fifth Third Funds are Property of the Estate**

14. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), the Supreme Court held that property the IRS seized before the petition remains property of the estate subject to turnover under § 542(a). The Court explained that the Internal Revenue Code's levy and seizure provisions "do not transfer ownership of the property to the IRS." They "are provisional remedies that do not determine the Service's rights to the seized property, but merely bring the property into the Service's legal custody." *Id.* at 210–11.

15. The Eleventh Circuit applied *Whiting Pools* to cash held by a third party under a prepetition IRS levy. *In re Challenge Air Int'l, Inc.*, 952 F.2d 384 (11th Cir. 1992). The IRS had levied on a fund held by American Express, which had not paid the IRS before the Chapter 11 petition. The court rejected the government's argument that a levy on cash or cash equivalents leaves the debtor with no rights in the property. It held that "the levy accomplished a seizure but not a conclusive transfer of ownership to the IRS," and it affirmed turnover. *Id.* at 387–88. The court relied on *United States v. National Bank of Commerce*, 472 U.S. 713, 721 (1985), which describes an administrative levy as a "provisional remedy" that "does not determine whether the Government's rights to the seized property are superior to those of other claimants."

16. This Court reached the same result on nearly identical facts in *In re* Flynn's *Speedy Printing, Inc.*, 136 B.R. 299 (Bankr. M.D. Fla. 1992). The IRS levied on the debtor's demand account on October 1, 1991. The debtor filed its Chapter 11 petition two days later, and the bank had not paid. The court granted the debtor's emergency motion to compel turnover. It reasoned that § 6332(c)'s 21-day hold, and the regulation treating interest earned during the hold as paid to

the depositor, are inconsistent with a transfer of ownership on service of the levy. *Id.* at 301. The court expressly did not "determine the extent or validity of any lien or claim of the IRS." Id. See also *In re Kirk*, 100 B.R. 85, 91 (Bankr. M.D. Fla. 1989).

17. Here, Fifth Third held the Fifth Third Funds as of the Petition Date, during the holding period the Levy itself describes. Under *Challenge Air*, the Levy did not transfer ownership of the Fifth Third Funds to the IRS. The Fifth Third Funds became property of the estate on October 23, 2026. The Debtor will seek turnover under § 542 in a companion adversary proceeding.

**Relief Requested and Grounds for Relief**

18. The Debtor intends to use Cash Collateral to pay every day living expenses and the costs of administering this chapter 11 case.

19. The Debtor respectfully requests the entry of an interim order in the form attached hereto as **Exhibit B** authorizing the use of Cash Collateral, in accordance with a budget (the "Budget"), attached hereto as **Exhibit C**, to fund his operating expenses and the costs of administering this Chapter 11 case to avoid immediate and irreparable harm to the estate pending a final hearing and the entry of a final order. Specifically, the Debtor intends to use Cash Collateral for:

- Mortgages
- Property taxes
- Utilities
- Food and household supplies
- Health insurance
- Vehicle lease payments

- Insurance premiums; and
- Support of dependent daughter

5. The Debtor's six-month budget is premised on the sale and/or rejection of several vehicle leases pursuant to the Debtor's chapter 11 plan that will be filed in the course of the bankruptcy case.

6. Except as specifically authorized by law or court order, the Debtor will not use Cash Collateral to pay pre-petition obligations.

7. The Debtor requests authorization to use Cash Collateral immediately to fund living expenses necessary to continue to maintain the estate, to maximize the return on his assets, and to otherwise avoid irreparable harm and injury to his business and the estate.

8. There is insufficient time for a full hearing pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure to be held before the Debtor must use Cash Collateral. If this motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use Cash Collateral, there will be a direct and immediate material and adverse impact on the continuing operations of the Debtor's business and on the value of his assets. To continue the business activities in an effort to achieve a successful reorganization, the Debtor must use Cash Collateral in the ordinary course of business. The inability of the Debtor to meet his expenses will require the Debtor to default on his critical expenses such as insurance payments, which will result in irreparable injury to the Debtor and his chance for reorganization. Any such discontinuation would also materially and adversely impact the value of the IRS's collateral. Indeed, it is in the best interest of the IRS that the Debtor use Cash Collateral, if such usage will preserve the value of the collateral. A prompt hearing also satisfies the public policy concern of preserving jobs, valuable contracts, and ensures continuity of patient care.

9. "Cash Collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a).

10. In exchange for the Debtor's ability to use Cash Collateral in the administration of this case, the Debtor proposes to grant to the IRS, as adequate protection, a replacement lien to the same extent, validity, and priority as existed on the Petition Date. In other words, the Debtor proposes that the "floating" liens on such assets continue to "float" to the same extent, validity, and priority as existed on the Petition Date, notwithstanding Section 552 of the Bankruptcy Code.

11. The Debtor asserts that the interests of the IRS will be adequately protected by the replacement lien. The replacement lien would be subject to avoidance to the same extent as the prepetition lien. Courts have authorized a debtor's use of IRS-levied property on conditions. *See In re Nat'l Ctr. for the Emp. of the Disabled*, 157 B.R. 291, 296 (Bankr. W.D. Tex. 1993); *Whiting Pools*, 462 U.S. at 201 & n.7 (describing bankruptcy court's turnover conditions: $20,000 payment before turnover, $1,000 per month until the taxes were satisfied, and retention of the IRS lien).

12. If allowed to use Cash Collateral, the Debtor believes that he can maintain value in his assets and continue the bankruptcy process. Otherwise, the Debtor may fall behind on all debt obligations leaving the assets with only liquidation value.

13. The motion is on an interim basis and is without prejudice to the rights of the Debtor or any other party to contest the extent, validity and/or priority of the IRS's asserted Levy. The Debtor will request that the Court schedule a follow-up interim hearing or a final hearing on cash collateral.

WHEREFORE, the Debtor respectfully requests that this Court: (1) enter an interim order in the form attached as **Exhibit B** granting the motion and authorizing the interim use of Cash

Collateral; (2) schedule a preliminary hearing on the motion on or before November 13, 2026; (3) schedule a further interim or final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2); and (4) provide for such other and further relief as may be just and proper.

Dated: November 3, 2026

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Angelina E. Lim
Angelina E. Lim (FBN: 0158313)
400 North Ashley Drive, Suite 3100
Tampa, FL 33602
Telephone: 813-225-2500
Facsimile: 813-223-7118
Email: angelinal@jpfirm.com
*Proposed Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of *Emergency Motion for Authority to Use Cash Collateral* has been furnished on November 3, 2026, by the Court's CM/ECF electronic mail system to all parties receiving CM/ECF electronic noticing to all registered CM/ECF participants in this case.

I HEREBY FURTHER CERTIFY that on November 3, 2026.a true and correct copy of the foregoing has been furnished by regular U. S. Mail to the Office of the **U.S. States Trustee**, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, the **United States Attorney, Middle District of Florida**, Attn: Civil Process Clerk 400 North Tampa Street, Suite 3200 Tampa, FL 33602, the **Attorney General of the United States,** U.S. Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001, and the attached matrix of the largest 20 unsecured creditors.

/s/ Angelina E. Lim
Angelina E. Lim

(12144670.2)

Label Matrix for local noticing
113A-2
Case 2:26-bk-02722-FMR
Middle District of Florida
Ft. Myers
Tue Nov 3 13:48:29 EST 2026

Bishop George Bloomer
c/o Michael N. Hanna
Morgan & Morgan
2000 Town Center, Suite 1900
Southfield, MI 48075-1152

Bodman PLC
c/o Amanda McSween Empey, Esq.
1091 St. Antoine
Detroit, MI 48226

Chubb
PO Box 7247-0180
Philadelphia, PA 19170-0001

City of Bloomfield Hills
45 E. Long Lake Rd.
Bloomfield Hills, MI 48304-2369

County of Lapeer
255 Clay Street
Lapeer, MI 48446-2205

FLC Leasing LLC
500 N. Federal Hwy
Pompano Beach, FL 33062-4330

Fifth Third Bank
PO Box 740789
Cincinnati, OH 45274-1115

Fifth Third Bank
5050 Kingsley Dr.
MD 1MOC2K
Cincinnati, OH 45227-1115

George Bloomer
c/o John A. Anthony, Esquire
100 South Ashley Dr., Ste 1600
Tampa, FL 33602-5318

IRS -Estate and Gift Tax Div
c/o Daniel M. Caves, Trial Atty
PO Box 55
Washington, DC 20044-0055

Internal Revenue Service
c/o A. Monroe Revenue Agent
4210 Metro Parkway, Suite 115
Fort Myers, FL 33916-9409

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
c/o Ms. Cheri Reese
Appeals Officer
1000 S. Pine Island Rd.
Fort Lauderdale, FL 33324-3906

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kostelanetz LLP
7 World Trade Center
250 Greenwich St F34
New York, NY 10007-0034

Oakland County Treasurer
1200 N. Telegraph Rd.
Pontiac, MI 48341-0479

Rosy Brothers, Inc.
5727 Dryden Rd.
Decker, MI 48426

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
P.O. Box 1214
Charlotte, NC 28201

(d)Internal Revenue Service
P.O. Box 1214
Charlotte, NC 28201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Bishop George Bloomer
c/o Michael N. Hanna
Morgan & Morgan
2000 Town Center, Suite 1900
Southfield, MI 48075-1152

(d)City of Bloomfield Hills
45 E. Long Lake Rd.
Bloomfield Hills, MI 48304-2369

(d)County of Lapeer
255 Clay Street
Lapeer, MI 48446-2205

(d)Fifth Third Bank
PO Box 740789
Cincinnati, OH 45274-1115

(d)IRS -Estate and Gift Tax Div
c/o Daniel M. Caves, Trial Atty
PO Box 55
Washington, DC 20044-0055

(d)Internal Revenue Service
c/o A. Monroe Revenue Agent
4210 Metro Parkway, Suite 115
Fort Myers, FL 33916-9409

(d)Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

(d)Internal Revenue Service
c/o Ms. Cheri Reese
Appeals Officer
1000 S. Pine Island Rd.
Fort Lauderdale, FL 33324-3906

(d)Kostelanetz LLP
7 World Trade Center
250 Greenwich St F34
New York, NY 10007-0034

(d)Oakland County Treasurer
1200 N. Telegraph Rd.
Pontiac, MI 48341-0479

(d)Rosy Brothers, Inc.
5727 Dryden Rd.
Decker, MI 48426

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 18 |
| Bypassed recipients | 11 |
| Total | 29 |

# **COMPOSITE EXHIBIT A**

*** INSTR 6389566 OR 6236 PG 2071 RECORDED 4/14/2023 4:26 PM PAGES 1 ***
CLERK OF THE CIRCUIT COURT AND COMPTROLLER, COLLIER COUNTY FLORIDA
REC $10.00

3008

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #3
Lien Unit Phone: (800) 913-6050

Serial Number 470621923

For Optional Use by Recording Office

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer KEVI ADELL & JOEL LUKASIEWICZ-ADELL

Residence 636 14TH AVENUE S
NAPLES, FL 34102-7116

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2021 | XXX-XX-4611 | 11/21/2022 | 12/21/2032 | 2775424.31 |

NOT A CERTIFIED COPY

Place of Filing
County Courthouse
Collier County
Naples, FL 33940

Total $ 2775424.31

This notice was prepared and signed at BALTIMORE, MD, on this,

the 03rd day of April, 2023.

Signature [signature]
for AMELIA MONROE

Title
REVENUE OFFICER 23-02-4117
(239) 938-7542

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

*** INSTR 6516715 OR 6336 PG 2017 RECORDED 3/7/2024 5:30 PM PAGES 1 ***
CLERK OF THE CIRCUIT COURT AND COMPTROLLER, COLLIER COUNTY FLORIDA
REC $10.00

**Form 668 (Y)(c)**
(Rev. February 2004)

3008

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #3
Lien Unit Phone: (800) 913-6050

Serial Number
488129024

For Optional Use by Recording Office

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer KEVI ADELL & JOEL LUKASIEWICZ-ADELL

Residence
636 14TH AVENUE S
NAPLES, FL 34102-7116

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2022 | XXX-XX-4611 | 11/20/2023 | 12/20/2033 | 3283871.55 |

Place of Filing
County Courthouse
Collier County
Naples, FL 33940

Total $ 3283871.55

NOT A CERTIFIED COPY

This notice was prepared and signed at BALTIMORE, MD, on this,

the 23rd day of February, 2024.

Signature
for AMELIA MONROE

Title
REVENUE OFFICER 23-02-4117
(239) 938-7542

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

*** INSTR 6701994 OR 6485 PG 1361 RECORDED 7/3/2025 2:32 PM PAGES 1 ***
CRYSTAL K. KINZEL, CLERK OF THE CIRCUIT COURT AND COMPTROLLER, COLLIER COUNTY FLORIDA
REC $10.00

4188

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #3
Lien Unit Phone: (800) 913-6050

Serial Number
517974325

For Optional Use by Recording Office

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer KEVI ADELL & JOEL LUKASIEWICZ-ADELL

Residence
636 14TH AVE SOUTH
NAPLES, FL 34102-0000

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2023 | XXX-XX-4611 | 11/18/2024 | 12/18/2034 | 3003291.03 |

Place of Filing
County Courthouse
Collier County
Naples, FL 33940

Total $ 3003291.03

This notice was prepared and signed at BALTIMORE, MD, on this,

the 12th day of June, 2025.

Signature [signature]
for AMELIA MONROE

Title
REVENUE OFFICER 23-02-4117
(239) 938-7542

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

NOT A CERTIFIED COPY

*** INSTR 6781913 OR 6551 PG 624 RECORDED 2/4/2026 2:33 PM PAGES 1 ***
CRYSTAL K. KINZEL, CLERK OF THE CIRCUIT COURT AND COMPTROLLER, COLLIER COUNTY FLORIDA
REC $10.00

**Form 668 (Y)(c)**
(Rev. February 2004)

5629

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #3
Lien Unit Phone: (800) 913-6050

Serial Number
532922026

For Optional Use by Recording Office

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer KEVI ADELL & JOEL LUKASIEWICZ-ADELL

Residence
636 14TH AVE SOUTH
NAPLES, FL 34102-0000

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2024 | XXX-XX-4611 | 01/05/2026 | 02/04/2036 | 1234923.59 |

Place of Filing
County Courthouse
Collier County
Naples, FL 33940

Total $ 1234923.59

This notice was prepared and signed at BALTIMORE, MD, on this,

the 27th day of January, 2026.

Signature
for A. MONROE

Title
REVENUE OFFICER 23-02-4117
(239) 938-7542

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

NOT A CERTIFIED COPY

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re: Case No. 2:26-bk-02722-FMR
Chapter 11

KEVIN R. ADELL

Debtor.
_______________________________________/

**FIRST INTERIM ORDER (1) GRANTING DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS AND (2) SETTING FURTHER HEARING**
**(Doc. No. __)**

THIS CASE came before the Court for hearing on November __*, 2026 at 00:00 am/pm (the Hearing") for consideration of the Debtor's Emergency Motion for Authority to Use Cash Collateral (Doc. No.* __) (the "Motion")[1]. The Motion seeks the entry of interim and final orders authorizing the Debtor to use "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Middle District of Florida, (ii) United States Attorney, Middle District of Florida and the Attorney General of the United States, (iii) the Internal

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

Revenue Service ("IRS"), (iv) all known secured parties, and (v) the twenty (20) largest unsecured creditors of the Debtor, and that no other or further notice is necessary. The Court considered the Motion, together with the record and the argument of counsel at the Hearing, and it appearing that the use of Cash Collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED** that:

1. Notice of the Motion and the Hearing on the Motion was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2. The Motion is granted on an interim basis pending a further hearing to be conducted by the Court on January __, 2027, at 0:00 am/pm (Eastern) (the "Continued Hearing").

3. The Debtor is authorized, through the date of the Continued Hearing (the "Interim Period"), to use Cash Collateral including, without limitation, cash and income derived from operating his business pending further order of the Court or consent of the IRS and in accordance with the budget (the "Budget"), a copy of which is attached hereto as **<u>Exhibit A</u>**, so long as the aggregate of all expenses for each month do not exceed the amount in the Budget by more than ten percent (10%) for any such month on a cumulative basis (the "Variance"). Notwithstanding the foregoing, expenditures in excess of the Variance or not on the Budget will not be deemed to be unauthorized use of Cash Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

4. The Debtor is authorized to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to the IRS pursuant to the terms and conditions of this Interim Order. As adequate protection with respect to the IRS's interests in the Cash Collateral, the IRS is granted a continuing and perfected replacement lien in and upon all of the categories and types of collateral in which they held a security interest and lien as of the Petition Date to the same extent, validity and priority that they held as of the Petition Date.

5. The Debtor shall maintain insurance coverage for the IRS-levied property as further adequate protection between the IRS and the Debtor. The Debtor shall promptly furnish proof of insurance to the IRS.

6. This Interim Order is not and shall not be construed as determinative as to whether any creditor has a valid lien on any property of the Debtor or the estate. This Interim Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such tax lien.

7. This Interim Order is without prejudice to the Debtor's right to challenge the extent, validity, or priority of any lien or claim of any creditor and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion, or oppose any such challenge, and nothing contained in this Interim Order shall be deemed to constitute a waiver of any party's rights.

8. This Interim Order is without prejudice to the Debtor's rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget or the IRS's right to object thereto.

9. In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtor's authorization to use Cash Collateral pursuant to this Interim Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

10. The provisions of this Interim Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court. The Court shall retain jurisdiction to enforce the terms of this Interim Order.

11. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable effective as of the Petition Date immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(1), 4001(a)(3), 6004(h), 7062 or 9024 or any other Bankruptcy Rule, this Interim Order shall be immediately effective and enforceable upon its entry on the docket and there shall be no stay of execution of effectiveness of this Interim Order as provided in such Rules.

12. Debtor shall timely perform all obligations of debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

cc: Attorney Angelina E. Lim, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of this order.

# **EXHIBIT C**

**Chapter 11 Projected Cash Budget**
**Debtor: Kevin R. Adell**
**Case No.: 2:26-bk-2722-FMR**

| | Nov 2026 | Dec 2026 | Jan 2027 | Feb 2027 | Mar 2027 | Apr 2027 |
|---|---|---|---|---|---|---|
| **GROSS RECEIPTS** | | | | | | |
| Salary from business | $67,916.00 | $67,916.00 | $67,916.00 | $67,916.00 | $67,916.00 | $67,916.00 |
| Shareholder distributions by way of expenses | $232,847.00 | $232,847.00 | $232,847.00 | $232,847.00 | $232,847.00 | $232,847.00 |
| **LESS WITHHOLDINGS/DEDUCTIONS** | | | | | | |
| Tax witholdings (social security/medicare) | $2,949.98 | $2,949.98 | $2,949.98 | $2,949.98 | $2,949.98 | $2,949.98 |
| Income tax withholdings (federal income, MI income) | $14,531.28 | $14,531.28 | $14,531.28 | $14,531.28 | $14,531.28 | $14,531.28 |
| Deductions (healthcare) | $3,510.44 | $3,510.44 | $3,510.44 | $3,510.44 | $3,510.44 | $3,510.44 |
| **Total receipts** | **$279,771.30** | **$279,771.30** | **$279,771.30** | **$279,771.30** | **$279,771.30** | **$279,771.30** |
| **EXPENSES** | | | | | | |
| Residence mortgage or rent | $69,976.00 | $69,976.00 | $69,976.00 | $69,976.00 | $69,976.00 | $69,976.00 |
| Residence property tax, insurance, HOA (FN 1) | $20,002.00 | $20,002.00 | $20,002.00 | $20,002.00 | $20,002.00 | $20,002.00 |
| Utilities (electric, gas, water, trash) | $5,546.00 | $5,546.00 | $5,546.00 | $5,546.00 | $5,546.00 | $5,546.00 |
| Phone, internet, cable | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |
| Food and household supplies | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Clothing and laundry | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Medical / dental (out of pocket) | $583.00 | $583.00 | $583.00 | $583.00 | $583.00 | $583.00 |
| Health insurance (co-pays, deductibles) | $4,250.00 | $4,250.00 | $4,250.00 | $4,250.00 | $4,250.00 | $4,250.00 |
| Vehicle loan and lease payments (FN 2) | $16,672.00 | $16,672.00 | $16,672.00 | $16,672.00 | $16,672.00 | $16,672.00 |
| Vehicle insurance | $1,542.00 | $1,542.00 | $1,542.00 | $1,542.00 | $1,542.00 | $1,542.00 |
| Dependent Daughter Apt. and Tuition (FN 3) | $9,588.00 | $9,588.00 | $9,588.00 | $9,588.00 | $9,588.00 | $9,588.00 |
| Estimated income tax payments (FN 4) | $145,923.00 | $145,923.00 | $145,923.00 | $145,923.00 | $145,923.00 | $145,923.00 |
| Personal care, entertainment, other | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| **Total Expenses** | **$279,632.00** | **$279,632.00** | **$279,632.00** | **$279,632.00** | **$279,632.00** | **$279,632.00** |
| | | | | | | |
| **Net cash flow** | **$139** | **$139** | **$139** | **$139** | **$139** | **$139** |
| | | | | | | |
| **Cumulative Cash Flow** | **$139** | **$279** | **$418** | **$557** | **$696** | **$836** |

FN 1: Some mortgages, but not all, on the Debtor's properties require property taxes, insurance & homeowner association fees as part of the escrow acount and would be included in the overall mortgage payment. To the extent these fees are required in the escrow, the Debtor has separated the fees for clarity. To the extent these fees are not required within the mortgage, these fees are estimated monthly fees

FN 2: The Debtor intends to sell the 1949 Buick from his personal collection and reject four (4) vehicle leases for the1965 Shelby Cobra, 2023 Ford F150, 2024 Ineo Grenadier, and 2026 Mercedes Maybach; rejection motion will be filed

FN 3: The Debtor pays for his dependent daughter's housing rent and tuition while his daughter is in college

FN 4: The Debtor holds the stock of the Word Network Operating Company, Inc. and Adell Radio Group, each an S corporation. The income of each S corporation is taxed to its shareholders whether or not the corporation distributes the income. Under 26 U.S.C. § 1398, the Debtor's bankruptcy estate is a separate taxpayer for income allocable to the period beginning on the Petition Date. Estimated income tax is due in quarterly installments on January 15, April 15, June 15 and September 15. Each quarterly installment is estimated at $437,769. The budget divides each quarterly installment into three monthly amounts of $145,923. The Debtor will set aside $145,923 each month and will pay each quarterly installment from the amounts set aside.